**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CLAY JONAK, an Oregon resident (Default entered 5/15/17); ROGER ISON, an Oregon resident (Default entered 5/15/17),<br><br>Defendants,<br><br>v.<br><br>STATE OF OREGON, acting by and through its Department of State Land,<br><br>Intervenor-Appellant. | No. 17-35899<br><br>D.C. No. 3:17-cv-00330-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, Senior District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 8, 2019[]
Portland, Oregon

Before: GRABER and BERZON, Circuit Judges, and ROBRENO,[***] District Judge.

Intervenor-Appellant the State of Oregon ("the State") moved to intervene in this action between Plaintiff United Specialty Insurance and Defendants Clay Jonak and Roger Ison. Plaintiff sought rescission, avoidance, or reformation of a pollution insurance policy that it had issued to Defendants, who were leasing land from the State under a lease that required them to obtain and maintain such insurance. The State filed a Motion to Intervene but did not raise the issue of sovereign immunity until its supplemental briefing, which it filed after oral argument on the Motion to Intervene. The district court ruled that the State was a necessary party and that the State had waived its sovereign immunity. The State now appeals that order. On de novo review, Coal. to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1133 (9th Cir. 2012), we affirm.[1]

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[1] We have jurisdiction over a ruling that denies Eleventh Amendment immunity from suit to a State. P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147 (1993).

A state's immunity from suit is not absolute; a state may consent to suit in federal court. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1999). The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." Id. (quoting Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985), superseded by statute on other grounds as stated in Lane v. Pena, 518 U.S. 187, 197–200 (1996)). The Court generally "find[s] a waiver either if the State voluntarily invokes [federal court] jurisdiction or else if the State makes a 'clear declaration' that it intends to submit itself to [the Court's] jurisdiction." Id. at 675–76 (citations omitted).

> We have emphasized that there is
>
> no valid reason why a party should belatedly be permitted to assert Eleventh Amendment immunity. A party knows whether it purports to be an "arm of the state," and is capable of disclosing early in the proceedings whether it objects to having the matter heard in federal court. . . . Requiring the prompt assertion of an Eleventh Amendment defense also minimizes the opportunity for improper manipulation of the judicial process.

Hill v. Blind Indus. & Servs. of Md., 179 F.3d 754, 757–58 (9th Cir. 1999). And "a state may waive its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity." Id. at 758; see also Fordyce v. City of Seattle, 55 F.3d 436, 441 (9th Cir. 1995) (holding that a state

"waive[s its] Eleventh Amendment protection by voluntarily appearing and defending on the merits" if the state "has been adequately notified of the pendency of the suit and of the particular matters at issue").

Here, the State voluntarily sought status as a party in the federal action. The State's motion argued that the State

> seeks to protect its interests in the state owned submerged and submersible land at issue in the action and to protect its interests arising under its lease with [D]efendants . . . . Plaintiff's action will impair the State of Oregon's interests, and Defendants have failed to protect those interests. For these reasons, the [district court] should allow the State of Oregon to intervene in this lawsuit.

(Emphasis added.) Indeed, in arguing for status as a party in this action, the State asserted an affirmative desire to litigate substantive issues: "The State of Oregon's interest in asserting its claim for coverage under Plaintiff's insurance policy cannot be adequately protected by the existing parties. . . . The State of Oregon's rights and interests may be impaired if it is not allowed to pursue its claim in the present case . . . ." (Emphasis added.) Nothing in the State's motion suggested that the State sought to intervene for a limited purpose, nor did it argue that it was entitled to dismissal, nor did it enter a special appearance. In short, the State's affirmative conduct was wholly incompatible with a claim of sovereign immunity, and its attempt to assert immunity came too late.

**AFFIRMED.**

4